We have four argued cases this morning. The first is number 23-15-05, Garrett-Cleveland v. Collins. Ms. Tolesi? Good morning. May it please the Court, my name is Gwen Tolesi. I'm here on behalf of the Veterans... ...executives of Garrett, Veterans Agency of Cleveland and the KPLB. The Veterans are certainly glad to be here. Congress set up a statutory scheme that is friendly to veterans. As the Supreme Court recently recognized in Henderson v. Shinseki, the judiciary has long applied the canon that provisions for the benefit of members of the armed services are to be construed in the beneficiary's favor. This appeal presents the question of what happens when the supposedly veterans-friendly statutes end up harming the veteran by causing delay. Here, Mr. Cleveland brought two claims for an earlier effective date for total disability individual unemployment... The law is not really unclear here, right? The Veterans Court has jurisdiction over final board decisions. It doesn't have jurisdiction over remands, right? No, Your Honor. Do you think the Veterans Court has jurisdiction over remands? I don't believe the Veterans Court has jurisdiction over remands, no. But the Veterans Court has jurisdiction over decisions, not necessarily final decisions. But there has to be a decision. If it's a remand, they don't have a jurisdiction, right? Completely agreed, Your Honor. And here, there is a decision. And I don't think there's any disagreement here about the law the Veterans Court applies. What there's a disagreement about is whether the decision that the board issued were remands or not. I think that's right, Your Honor. Again, our primary argument is that there is no decision here that... Okay, but that decision was wiped out by the Veterans Court, right? No, Your Honor. The Veterans Court said it didn't have jurisdiction. They said that what the board did was of no effect, right? Well, it said that it was a mistake, that the remand decision from the board doesn't open up any additional factual development. Under 38 U.S.C. section 7... No, but if they said it has no effect, that's binding in further proceedings, right? That's correct, Your Honor. But again, there's no remand for additional factual development on the earlier effective date for TDIU and DEA. Thus, there's no ability for the regional office to come to any decision other than what it already came to, which is that the veteran has not met the criteria for an earlier effective date for TDIU and DEA. So it's your view that even though the board remanded, that decision was a mixed decision because it remanded only on certain issues? Is that your view? That's correct, Your Honor. My day job is a patent lawyer, so I'll admit I struggled with that a little bit. Normally, if one issue is remanded, then all issues have to be decided before the Allegory Veterans Court jurisdiction. No, we understand that. I mean, unlike most situations, if there's a kind of mixed decisions, partial remands, partial final decisions, the Veterans Court, and then we can take jurisdiction over what's final. But that's not what happened here according to the board and the Veterans Court. And so we're talking about looking at the document, which is at pages 15 to 17 of the appendix, right? 15 to 18. And the first paragraph remands every single one of those claims. It says entitlement to effective date, remanded. Entitlement for TDIU, remanded. Entitlement to DEA, remanded. Yes, Your Honor, but again, it's a remanded name only. There's no ability for the regional office here to engage in any further factual development. Was that because of the Veterans Court, because of the board's decision, or because there's nothing left to be done on the remand anyway? There's no—so the original decision from the regional office, which then turned into the board decision, was for additional factual development only on the tinnitus claims. There's nothing in either the board's decision or the Veterans Court decision that reopens or creates additional factual development opportunities for the effective date for TDIU. Can you elaborate on that? Specifically, I see that on page A17 to A18, they say that the matters are remanded for the following actions. Why isn't the first one, for example, related to TDIU? How do you know from reading this language in paragraph 1 and 2 that it's only for tinnitus? Because the Social Security records are related to the tinnitus claim. The veteran—again, the board's decision focuses on remanding for the purposes of additional factual development with respect to the tinnitus claim. There's no discussion of reopening or using the Social Security Administration records to find an earlier effective date for TDIU and DEA. And I spoke with the veterans representative below. I know this isn't part of the record, but the issue is not for the factual development. It's the application of the default date as opposed to the date that the veteran requested. So, again, the factual development won't assist in that issue. So you want us to look beyond what the actual language in the board decision says and how the veterans court construed it and construe it for the first time as when it says remanded, it was actually final. I don't, Your Honor. I don't want you to look beyond what's in the record or beyond what's in the board's decision. The board's decision on pages appendix 16 through 17 is clear, stating that the criteria for an effective date is January 2, 2013, but not earlier for a granted service connection for tinnitus that has been met. The criteria—excuse me, I'm getting the wrong spots. The criteria of an effective date earlier than August 16, 2016 for a granted TDIU have not been met. Well, those are the findings that the veterans court said were a null fact, right? Again, Your Honor— Yes. No? Yes, but— Well, that's your problem. There's no opportunity for additional factual development that would give the regional office any opportunity to change anything. And I'd like to point you to— Well, you keep saying that, but what's to prevent the veteran from, during a remand, offering additional evidence? That happens all the time in these proceedings. Because the veteran doesn't have or need additional evidence. The veteran is asking for a merits review of the evidence that's already on the record. If the veteran knows that there's a potential fact-finding that is now said to be erroneous that goes against him, why wouldn't he think about adding additional evidence? I mean, there's no preclusion from adding additional evidence that could support the claim, right? Your Honor, there's no preclusion, but the evidence has to exist in order for the veteran to add it to the record. And as far as I know, there's been no identification of additional evidence that would assist his claim. The veteran's position is that the board got the denial of the earlier affected date for DEIU and DEA wrong. Can I ask you something else? I think it's Tyreen's or maybe it's Kirkpatrick. One of them says that you want to make sure that the board's decision, when it's a mixed decision, that it's clear that it's a mixed decision. And the idea behind that is because if there's a mixed decision where the board says certain issues are decided and certain issues are remanded, it wants to be clear, you want to be clear because it puts a burden on the appellant to appeal within so many dates. So why in a case like this where there's some indicia that suggests maybe the board was, you know, there's a clear statement of remand, but unfortunately there's also some findings in fact of conclusions of law that just make things a little bit more muddled. Why in this case where it's unclear should we stray from that rule that there should be, it should be very clear that the board is, that it's a mixed case as opposed to a case that's remanding all issues? Respectfully, Your Honor, under the statutory scheme including 38 U.S.C. section 7104 that says except as provided in section 5108 of this title, when a claim is disallowed by the board, the claim may not thereafter be re-adjudicated and allowed, and the claim based upon the same factual basis may not be considered. That is the final decision when the board says that the criteria for an earlier effective date of TDIU and TDA are not met. Yeah, but the problem is if this had gone back and under this document and it came back up and the board had said, well, you didn't appeal these other two things which were final, so you're out now, you would be here arguing the exact opposite to us, that it wasn't a final decision because it was a complete remand. I think that's the problem we're having is why should we be looking at a document that on its face may be ambiguous if the Veterans Court has already said this is what it means, and to the extent it said something else, that was a mistake, and the VA is not bound by those factual findings. Your Honor, this goes to… That's what the Veterans Court said, right? Yes. So the RO had the complete freedom, they may not have done it, but they had the complete freedom under the Veterans Court's decision to re-adjudicate the TDIU and DEA claims. Your Honor, I disagree with that. That's what the Veterans Court said. I'm not aware… You disagree with what the Veterans Court said? No, Your Honor, I'm not aware of any case law that would permit the regional office to re-adjudicate TDIU. You mean you think the regional offices are not in a specific case going to follow the direction of the Veterans Court, that this is an open question and they're free to re-adjudicate it? Your Honor, again, it doesn't… It seems unlikely to me that the VA is not going to follow an express statement from its review in court. I'm certainly not accusing the VA of not following directions of the court. However, there is no additional evidence that will be presented here. Okay, but that itself is a factual issue. I mean, you're asking us to make a determination that there's no additional evidence to be presented. No, Your Honor. That's really not our job. That's not within our jurisdiction to even determine that. What the veteran is requesting this court to find is that a final decision on all issues is not required and that this is the final decision because it does what Kirkpatrick says it is a decision in that it makes a decision with respect to the benefits soft-fed of that veteran. Those benefits are either… The statements you're relying on are in direct conflict with the opening paragraph which remains on this. And when the veterans court looked at those two contradictory statements, it followed the first one and not the second one and said the second one was a mistake. We can't review that, can we? Your Honor, the request for review is whether or not the veterans court had jurisdiction to hear the case. The veterans court said it did not have jurisdiction. Right. And if the veterans court understanding of this document is consistent with what it said it was, they were correct, weren't they? If the veterans court read this document as remanding all three issues and that the statements that you're quoting us were a mistake and therefore it's a complete remand, not a mixed final partial remand, then the veterans court correctly applied the law. Your Honor, again, the veterans court… No, no, no. Answer my hypothetical. If the veterans court's understanding of this document is what it said it was, which was those three first sentences, remanding everything, is the controlling language and that the language you're relying on was a mistake, then they correctly followed the law. If this was a final decision on all issues, then yes. However, it isn't because… If it wasn't a final decision on all issues. If it was a remand on all issues, then they correctly decided it. Yes. And that's what they said it was. That is what they said it was. Respectfully, they were incorrect, noticing that they were applying a law that they had to have a final decision on all issues. No, they weren't. They were finding that this was a remand on all issues. I think you're trying to gin up a legal argument that's not here. The veterans court fully understands, as it has for decades, that it can review mixed decisions of final decisions and partial remands. It can review on the final decision part. It found no final decision here at all. And that's the right… If that's what is this document, then they applied the right law. Your Honor, under Kirkpatrick v. Nicholson, this court said that it does have jurisdiction to review whether or not the veterans court correctly found that there was a final decision. Counselor, I just wanted to thank you for your profound representation of this veteran and also ask you if you could tell us what the status is of the case on remand. Yes, Your Honor. Although, I see I'm wasting my rebuttal time. You nonetheless have to answer the question. Yes, no, I don't. The status is that the regional office is currently considering the issues on appeal. There's been no decision… Excuse me. The issues from the Veterans' Senate. There's been no decision, and the result of that is that the veteran will have the same appeal back in front of you just 18 months, maybe two years from now. The point of the status is that they're intended to be veteran-friendly, and the requirement that the veterans court apply for a final decision on all issues as opposed to a mixed decision allowing you to appeal is just delayed for the veteran. So it's still back at the R.O., or is it back at the board? The supplemental authority we got said there was a July decision from the agency denying an early effective date. I believe that's correct. So it's back at the board then? Yes. Okay. I believe the R.O. has made a decision, and it's currently pending at the board. Okay, we'll give you two minutes, Your Honor. Thank you, sir. Mr. Faulkner.  May it please the Court, the Veterans' Court has all obtained contradictory findings in the board decision by engagement and factual determinations in applying the laws of the past to the case. With respect to the findings on the way the Veterans' Court interprets the board decision. If your opponent's view of this document is correct, that it actually is a mixed remand final decision document, then the Veterans' Court would have been incorrect to find no jurisdiction, right? Yes, Your Honor, in those circumstances. But, of course, the Veterans' Court found that it was not a mixed decision, that it was a remand, and that it didn't have jurisdiction because it was a remand that occurred back within this Court's precedence, decades old at this point. What do we do with all of this if we look at this document and see that it's contradictory? Well, I think the Veterans' Court already cleaned it up. You can understand, in this board decision, it's saying, well, why are these findings and conclusions in here? There's an appeal to the Veterans' Court. At that point, the Veterans' Court makes its finding. It says there's no reasons or basis for denial here in this remand order. Any findings or conclusions were mistakenly included, and there's, in fact, no denial here. So the Veterans' Court kind of cleared it up. It also said that if these findings and conclusions are finding, under a Veterans' Court precedent, they won't be binding, and the Secretary agrees that these were mistakenly included. So at that point, the Veterans' Court kind of cleared it up, and under this Court's precedent, the remand was appropriate and there's no jurisdiction. She seems to be arguing alternatively that even assuming that the improper findings by the board were wiped out, that there's still no fact issue on the remand and that somehow that makes it final because the Social Security records are only relevant to one of the claims and not the other two. Could you comment on that? Yes, Your Honor, two points. In terms of Social Security records, it's impossible to know whether they're relevant to the claims until they were received, so I don't know how you could prejudge that. And then in terms of the remand, certainly the veteran was entitled to submit additional materials, additional argument, additional evidence, and the regional office would be obligated to consider those materials in reaching its decision. And then on appeal to the board, the board would, of course, have to consider all of that evidence when it reviews the merits-based decision, which is where it's at right now. Do you know why there's been such a tremendous delay in the appeal from the RO to the board? So I know that there was one year, about one year, until the Notice of Disagreement was filed. After the 2000, I think the 2020, regional office decision had been staffed for several years until the board remanded again. And the only comment I can make there is just the significant number of appeals that the board handles. I think the materials in this document, in this appendix alone, show at the end of the fourth quarter of 2021 there were some 200,000 pending appeals. So I think it would just relate to that, the large number of appeals being processed by the board. Do you have any sense of it? Because I think it is on appeal to the board again. Do you have any sense of how long it's going to take to the board to get to it this time? Is it going to have to wait another two years? Or because it's for multiple remands, does it get expedited in the chain? So I'm not aware of a claim like that being able to be expedited. So I'm not entirely certain how long it would take. I'm certainly sending frequent emails to the board. I mean, you know, I would leave it to this case. What's the status? Has it made any progress? Can we provide any updates to the court? Is there any ability to expedite any appeals in situations like this? It seems like where something has been remanded, that it shouldn't have to go all the way to the back of the line. But you're saying there's no process like that? Well, I think there's, unfortunately, there's a lot of remands. So I think any process like that is going to get bogged down. And I'm not aware of any process that would be able to expedite these things and highlight them. In other words, to put them at the top of the line in front of other board appeals. Okay. Anything further? If there's nothing, if there's no further questions, we disrespectfully request that the court adjourn. Thank you, Ms. Torreson. Just briefly want to highlight. My friend across the aisle pointed out there's been a mistake here. Who does the mistake get held against? Should it get held against the veteran under a statutory scheme that's supposed to be friendly to the veterans? Or should it be held against the veterans court and the board? I think the answer under the statutes and under Henderson is quite clear. The veteran is supposed to get the benefit here. This is not a standard case. This is not going to. But the mistake isn't being held against the veteran. It's being wiped out. And a remand is being given for additional opportunity to present evidence. I know you say you don't want to or that there isn't any. But what they're saying is this wasn't a final decision that forecloses a remand. To call that being held against the veteran is not entirely accurate. In most of these cases, veterans want a remand to present additional evidence. Your Honor, oftentimes veterans do want a remand. In this particular circumstance, the veteran doesn't. The veteran has presented the evidence that he has for an earlier effective date for TEIU and DEA. And, again, as my friend across the aisle acknowledged, what this is going to end up in is a significant delay, maybe multiple years before the merits can be appealed. That's an issue that is harmful to the veteran. Okay, but we've said again and again that remands make it non-final, and the veteran can't create a final decision by sort of saying, I don't need a remand. Well, again, as the Secretary acknowledged, the Veterans Court sort of cleaned up the decision here by making it not final, saying that it was a remand on all three issues. But that's not what the Board said. The Board said that the criteria for an earlier effective date for TEIU and DEA had not been met. Well, let's wipe that. Right, there's two different rulings, and the Veterans Court looked at it and said the best reading of this is that it's a remand, not a final decision. Respectfully, Your Honor, that is harmful to the veteran because it causes a several-year delay, and this Court does have jurisdiction to review whether that was the appropriate understanding of the decision on a per factor. Okay, I think we're out of time. Thank you. Thank you.